# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

FLUID EQUIPMENT INTERNATIONAL, LTD.,

    Plaintiff,

v.

REDDY-BUFFALOES PUMP, INC. and BUFFALOES FIRE PUMP, INC.,

    Defendants.

CIVIL ACTION NO. 2:15-cv-74

## O R D E R

This matter is before the Court on Defendants' Discovery Motion for Leave to Serve Additional Interrogatories. (Doc. 36.) For the reasons and in the manner set forth below, the Court **GRANTS** Defendants' Motion.

## BACKGROUND

Defendants collectively served 23 interrogatories upon Plaintiff on November 6, 2015, and a second set of 25 interrogatories on May 3, 2016. (Id. at p. 1.) Defendants filed their Motion on June 13, 2016, after Plaintiff objected to the second set of interrogatories. (Id.) Plaintiff states that Defendants have already reached the standard limit of 25 interrogatories laid out in Federal Rule of Civil Procedure 33(a)(1) and that there is no need for additional interrogatories. (Doc. 41, p. 1). Defendants respond that they are entitled to a total of fifty interrogatories (twenty-five interrogatories per Defendant). (Doc. 42.) Additionally, Defendants argue that the additional interrogatories meet the scope of discovery set forth by Federal Rule of Civil Procedure 26(b)(1). The discovery period in this case will expire on August 20, 2016. (Doc. 43.)

**DISCUSSION**

Defendants have consistently litigated this case as a single unit. They are represented by the same counsel, and they have jointly filed their notices, discovery requests, and motions (including the instant motion). Courts have repeatedly rejected such collective parties' arguments that each member of the collective is entitled to the full allotment of the number of interrogatories allowed by Federal Rule of Civil Procedure 33 or the number of requests for production allowed by Federal Rule of Civil Procedure 34. See, e.g., Allen v. Sch. Bd. for Santa Rosa Cty., Fla., No. 3:10CV142/MCR/CJK, 2011 WL 1831764, at *2–3 (N.D. Fla. May 12, 2011) (citing New York for Zito v. Leasecomm Corp., 233 F.R.D. 395, 399 (S.D.N.Y. 2006); McCarthy v. Paine Webber Grp., Inc., 168 F.R.D. 448, 449 (D. Conn. 1996)). Thus, Defendants cannot "now decamp into [separate] regiments, in order to gain some advantage in the skirmish lawyers call discovery." Allen, 3:10CV142/MCR/CJK, 2011 WL 1831764, at *3. Rather, Defendants should have filed a Motion for Leave to Serve Additional Interrogatories prior to actually serving them upon Plaintiff. Indeed, parties should ordinarily anticipate and address the need to exceed the standard number of interrogatories at the conference required by Federal Rule of Civil Procedure 26(f).

Nonetheless, Defendants offer other compelling reasons for the Court to permit them to propound their additional interrogatories.[1] They explain that the interrogatories are proportional to the issues at stake in this ligation; that only Plaintiff knows the information sought; that the interrogatories will preserve resources by likely preventing the need to depose one of Plaintiff's officers located in another country; that the issues in the interrogatories are central to the parties' claims and defenses; and that Plaintiff can obtain the information with minimal time and

---

[1] These arguments distinguish Defendants from the proponent of discovery in Allen. 3:10CV142/MCR/CJK, 2011 WL 1831764, at *3 ("The sole argument raised by the School Board in the motion to compel is that each defendant is entitled to propound 25 interrogatories for a total of 75.")

2

expense. (Doc. 36, pp. 2–4.) Plaintiff's scant Response ignores these arguments and baldly contends that Defendants' Motion "simply does not set forth any justification for the need for additional Interrogatories in this case." (Doc. 41, p. 1.) Additionally, Plaintiff does not provide any information that Defendants' Interrogatories are unduly burdensome or that they request information outside the scope of Federal Rule of Civil Procedure 26(b)(1).

## CONCLUSION

Consequently, pursuant to Federal Rules of Civil Procedure 26(b)(2)(A) and 33(a)(1), and after careful consideration and for good cause shown, the Court **GRANTS** Defendants' Motion for Leave to Serve Additional Interrogatories. Plaintiff shall have **thirty days** from the date of this Order to respond to Defendants' additional interrogatories.[2]

Moreover, given the recent discovery disputes in this case, the Court imposes the following measures that shall apply to the remainder of this case. It is hereby ORDERED that the following steps be undertaken by all parties prior to the filing of any discovery motions including, but not limited to, a motion to compel, motion to quash, motion for a protective order, motion for leave, or motion for sanctions.

1. The parties are strongly encouraged to informally resolve all discovery issues and disputes without the necessity of Court intervention. In that regard, the parties are first required to confer and fully comply with Rules 26(c)(1) and 37(a)(2) of the Federal Rules of Civil Procedure, and Local Rule 26.5, by undertaking a sincere, good faith effort to try to resolve all differences without Court action or intervention.

---

[2] Federal Rule of Civil Procedure 33(b)(2) provides that a "responding party must serve its answers and any objections [to interrogatories] within thirty days after being served with the interrogatories. A shorter or longer time may be stipulated to under Rule 29 or ordered by the Court." Defendants served Plaintiff with their additional interrogatories on May 3, 2016. Nonetheless, given Plaintiff's non-frivolous objection regarding the number of interrogatories already served, additional time is warranted for Plaintiff to respond.

2. In the event that reasonable, good faith efforts have been made by all parties to confer and attempt to resolve any differences, without success, the parties are then required to schedule a telephonic conference with the Magistrate Judge in an effort to try to resolve the discovery dispute <u>prior to</u> the filing of any motions.[3]  The parties shall exhaust the first two steps of the process before any motions, briefs, memorandums of law, exhibits, deposition transcripts, or any other discovery materials are filed with the Court.

3. If the dispute still cannot be resolved following a telephonic conference with the Magistrate Judge, then the Court will entertain a discovery motion.  In connection with the filing of any such motions, the moving party shall submit the appropriate certifications to the Court as required by Federal Rules of Civil Procedure Rules 26(c)(1) and 37(a)(2).

4. The Court will refuse to hear any discovery motion unless the parties have made a sincere, good faith effort to resolve the dispute <u>and</u> all of the above-identified steps have been strictly complied with.  A failure to fully comply with all of the prerequisite steps may result in a denial of any motion with prejudice and may result in an award of costs and reasonable attorney's fees.

**SO ORDERED**, this 11th day of July, 2016.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[3] The parties may schedule such a conference by contacting the Magistrate Judge's Courtroom Deputy Clerk.